**SIGNED this 25 day of March, 2009.**

_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**[This opinion is not intended for publication as the precedential effect is deemed limited.]**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br>    CAPITOL ARMORED SERVICES, INC.,<br><br>                            Debtor. | No. 06-51178<br>Chapter 11 |
| CAPITOL ARMORED SERVICES, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>E-Z FILE, INC., FREDA ROBINETTE,<br>GROVER ROBINETTE, and<br>TAMMY E. KILGORE,<br><br>    Defendants. | Adv. Pro. 07-5090 |

## MEMORANDUM

Appearances:

| | | |
|---|---|---|
| Fred M. Leonard, Esq.<br>27 Sixth Street<br>Bristol, TN 37620<br>*Attorney for Capitol*<br>*Armored Services, Inc.* | Dean Greer, Esq.<br>Post Office Box 3708<br>Kingsport, TN 37664<br>*Attorney for E-Z File, Inc.*<br>*and Tammy Kilgore* | Thomas H. Torbett, Esq.<br>229 E. Center Street<br>Kingsport, TN 37660<br>*Attorney for Freda and*<br>*Grover Robinette* |

**Marcia Phillips Parsons, United States Bankruptcy Judge.** This adversary proceeding is before the court on the defendants' motion to dismiss based on abstention and failure to join an indispensable party. For the reasons discussed hereafter, the motion will be granted, the court having determined that abstention is appropriate. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A).

I.

The Debtor, Capital Armored Services, Inc., filed a voluntary petition for bankruptcy relief under chapter 11 on December 12, 2006. The court entered an order confirming the Debtor's plan of reorganization on December 19, 2007. Two months later, the Debtor filed on February 29, 2008, a motion for a final decree in the case, requesting that the case be closed because the plan of reorganization had been substantially consummated. The motion was made pursuant to Federal Rule of Bankruptcy Procedure 3022, which provides that after an estate is fully administered in a chapter 11 reorganization case, the court shall enter a final decree closing the case, either upon its own motion or the motion of a party in interest. No objection was filed to the motion for final decree, and the court entered an order on March 24, 2008, granting the motion and stating that "this case is hereby closed pursuant to Fed. R. Bankr. P. 3022."

Shortly before the Debtor's plan of reorganization was confirmed, the Debtor filed a complaint on November 12, 2007, commencing the instant adversary proceeding against E-Z File, Inc., Freda and Grover Robinette, and Tammy Kilgore. The Debtor alleges in the complaint that prior to its bankruptcy filing, the Debtor hired E-Z File to perform bookkeeping and related services on its behalf, and that beginning in 2004 and continuing thereafter, E-Z File and the other defendants, who were shareholders, officers, and employees of E-Z File, "individually and/or collectively took and/or fraudulently converted for their own purposes funds of Plaintiff." In the complaint, the Debtor seeks, pursuant to § 542 of the Bankruptcy Code, turnover of the funds "unlawfully taken and/or converted," and based on the same facts, damages under Tennessee law for fraud and conversion. Although default judgments were initially entered against the defendants on February 15, 2008, by agreed order entered April 28, 2008, the default judgments were set aside.

On June 2, 2008, the defendants filed the motion to dismiss that is presently before the court.

2

Although captioned as "Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to Join an Indispensable Party," (the "Motion"), the defendants do not argue in their brief filed in support of the Motion that this court lacks subject matter jurisdiction over this adversary proceeding. Rather, the defendants contend that the court should abstain from exercising jurisdiction over this proceeding under the permissive abstention provision of 28 U.S.C. § 1334(c)(2).[1] Additionally, the defendants assert in the Motion that an indispensable party has not been joined as required by Federal Rule of Bankruptcy Procedure 7019, which incorporates Federal Rule of Civil Procedure 19. However, the defendants' brief does not address the indispensable party argument.

While the defendants' Motion was pending, the defendants filed a "Supplemental Brief Of Defendants On The Issue Of Turnover." The defendants argue in this Supplemental Brief that the complaint fails to state a cause of action for turnover under 11 U.S.C. § 542 because the complaint fails to allege that the defendants were in possession, custody, or control of property of the estate at the time the case was filed. According to the defendants, because the complaint sets forth only a state law claim for prepetition fraud or conversion, this action is not a core proceeding and the court should therefore abstain.

---

[1] As recognized by the court on a previous occasion, "the abstention provisions [of 28 U.S.C. § 1334(c)] implicate the question whether the bankruptcy court should exercise jurisdiction, not whether the court has jurisdiction in the first instance. . . .The act of abstaining presumes that proper jurisdiction otherwise exists." *Smith Mech. Contractors, Inc. v. Premier Hotel Dev. Group (In re Premier Hotel Dev. Group)*, 270 B.R. 243, 250 n.4 (Bankr. E.D. Tenn. 2001) (quoting *S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.,)*, 45 F.3d 702, 708 (2d Cir. 1995)).

In their memorandum of law, the defendants briefly reference 28 U.S.C. § 1334(c)(2), the mandatory abstention statute that requires a bankruptcy court to abstain if the proceeding is "(1) based on a state law claim or cause of action; (2) lack[s] a federal jurisdictional basis absent the bankruptcy; (3) . . . commenced in a state forum of appropriate jurisdiction; (4) . . . capable of timely adjudication; and (5) . . . a noncore proceeding." *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 320 (6th Cir. 2006). The defendants having conceded that all of these elements are not satisfied in this case because no action has been commenced in state court, there is no basis for granting the Motion as to mandatory abstention. *See In re Worldwide Collection Servs. of Nev., Inc. v. Aaron (In re Worldwide Collection Servs. of Nev., Inc.)*, 149 B.R. 219, 224 (Bankr. M.D. Fla. 1992).

II.

Subsection (c)(1) of 28 U.S.C. § 1334 provides:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Under this subsection, which is commonly referred to as the permissive abstention provision, "a court may abstain from hearing either core or non-core matters 'in the interest of justice or in the interest of comity with State courts or respect for State law.'" *Kirk v. Hendon (In re Heinshon)*, 231 B.R. 48, 60 (Bankr. E.D. Tenn. 1999); *see also Matter of Am. Beef Packers, Inc.*, 457 F. Supp. 313, 315 (D.C. Neb. 1978) (decision to grant or deny request for permissive abstention is discretionary).

> In determining whether permissive abstention is appropriate, courts commonly look to the following factors: (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues: (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties.

*Beneficial Nat'l Bank USA v. Best Receptions Sys., Inc. (In re Best Reception Sys., Inc.)*, 220 B.R. 932, 953 (Bankr. E.D. Tenn. 1998) (citing, *inter alia, Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc., (In re Republic Reader's Serv. Inc.)*, 81 B.R. 422 (Bankr. S.D. Tex. 1987)).

The defendants assert that application of these factors to the present proceeding favors abstention. They argue that there would be no impact on the efficient administration of the bankruptcy estate if this court abstains because the plan has already been confirmed and a final decree entered. The defendants state that this action involves no bankruptcy issues, only state law issues of fraud and conversion that are capable of determination by a state court. They note that they are non-debtor parties and contend that they have, and will assert, a right to a jury trial.

4

In response, the Debtor argues that this court should not permissively abstain because this court has exclusive jurisdiction over all property of the debtor and of the estate pursuant to 28 U.S.C. § 1334(e)(1). Citing the legal principle that title does not pass with property converted or fraudulently obtained, the Debtor contends that converted funds in the possession of the defendants constitute property of the bankruptcy estate that the defendants are required to turnover to the Debtor under § 542 of the Bankruptcy Code. The Debtor argues that "abstaining from this action will deprive the Debtor of the ability to obtain a remedy explicitly authorized by the Bankruptcy Code. . . . A court should not abstain if the debtor has no other forum in which to bring its claims."

The Debtor also disputes the defendants' contention that application of the *Best Reception Systems* factors warrants abstention. According to the Debtor, the bankruptcy law issues in this action predominate; the state law causes of action should not be severed from the § 542 turnover action because both derive from the same operative facts; and, because the state law claims do not involve difficult or unsettled state law issues, they are capable of being resolved by the bankruptcy court. Lastly, as to factor number 7 regarding the substance rather than the form of the asserted core proceeding, the Debtor asserts that the substance of this litigation is primarily a turnover action, which is a core proceeding that cannot be adjudicated by any court other than the bankruptcy court.

Debtor's argument that abstention is not proper because this court has exclusive jurisdiction over property of the estate is without merit. While it is true that the district court, of which this court is a unit, has exclusive jurisdiction over property of a debtor and of an estate, it is well settled that the court can share this jurisdiction. *See Cook v. Cook*, 220 B.R. 918, 922 (Bankr. E.D. Mich. 1997). Moreover, § 1334(c)(1) expressly authorizes a court to abstain from hearing proceedings arising under title 11, *i.e.* core proceedings, which include "orders to turn over property of the estate." 28 U.S.C. §157(b)( E).

Similarly without merit is the Debtor's assertion that abstention will deprive it of a forum in which to assert its claims against the defendants. In its complaint initiating this adversary proceeding, the Debtor alleges three causes of action against the defendants: fraud and conversion, both of which are state law claims, and turnover under § 542 of the Bankruptcy Code. Pursuant to the latter section, an entity in possession, custody or control of property of the estate, during the

5

case, must turnover and account for such property to the trustee or debtor in possession. *See* 5 *Collier on Bankruptcy* ¶ 542.01 (15th ed. rev. 2008). In the case at hand, whether the defendants are in possession of estate property subject to turnover under § 542 will depend on whether they converted or fraudulently obtained the Debtor's funds prepetition. Section 542 provides no separate source of damages for the Debtor; it merely provides a bankruptcy remedy for the collection of property that the defendants may have converted or fraudulently obtained. A similar remedy is available under state law, an accounting of and judgment for funds converted or fraudulently obtained. *Cf. Nashville, Chattanooga & St. Louis Ry. v. T.S. Jenkins & Son,* 296 S.W. 1 (1927) ("[I]t is well settled that a court of equity will not decree an accounting in a case of tort, in the absence of any fraud.). Moreover, because the property allegedly converted by the defendants was fungible monies, the Debtor can be made whole by a money judgment rendered by a state court. Thus, abstention will neither deprive Debtor of its claims against the defendants nor a forum in which to assert those claims.

Turning now to the application of the factors that courts generally consider in a permissive abstention analysis, this court concludes that abstention is clearly appropriate in the present action. As argued by the defendants, whether the Debtor's claims against the defendants are resolved by this court or state court will have no impact whatsoever on the administration of the Debtor's bankruptcy estate. Class III of the confirmed plan of reorganization provides for payment of the Internal Revenue Service's priority claim over a period of sixty months at specified monthly payments and indicates that the Debtor will apply to this claim any funds it receives from this adversary proceeding. The court sees no reason why any recovery the Debtor may obtain from pursuing the defendants in state court could not be used to satisfy the Internal Revenue Service's claim, in the same fashion that proceeds from this adversary proceeding would be used. (As an aside, it is noteworthy that Article XII of the plan, entitled "Implementation of the Plan," does not even address this adversary proceeding.)

The fact that the Debtor's bankruptcy case is now closed confirms this conclusion. As previously noted, Debtor's motion to close the bankruptcy case was based on Federal Rule of Bankruptcy Procedure 3022, which provides for the closing of a chapter 11 reorganization case after the estate has been fully administered. Although admittedly the Debtor filed its motion after it had

obtained default judgments against the defendants in this adversary proceeding, the Debtor made no request to reopen the bankruptcy case after the default judgments were set aside. The Debtor's lack of action in this regard is an implicit recognition by the Debtor that this proceeding will not impact the bankruptcy estate or its administration and that this action is only remotely related to the Debtor's bankruptcy case. "Where a cause of action for monetary damages based primarily on state law can be litigated in state court without substantial delay and disruption to the orderly administration of the estate, the best forum for resolution of that action is state court . . . ." *In re Best Reception Systems, Inc.*, 220 B.R. at 953 (quoting *In re Republic Reader's Serv. Inc.*, 81 B.R. at 426).

Another factor commonly considered in the permissive abstention analysis is "the extent to which state law issues predominate over bankruptcy issues." *In re Best Reception Systems, Inc.*, 220 B.R. at 953. Contrary to the Debtor's assertion in this regard, the state law issues of fraud and conversion predominate over the bankruptcy issue of turnover under § 542 of the Bankruptcy Code, since as previously observed, the turnover claim is dependent upon the Debtor prevailing on its fraud or conversion claims. There will be no bankruptcy issue for a state court to decide because this proceeding is essentially a state court lawsuit, filed in bankruptcy court only because the Debtor commenced a bankruptcy case.

Along this same vein, there is no indication that this adversary proceeding has a federal jurisdictional basis other than 28 U.S.C. § 1334, the general bankruptcy jurisdiction statute. There is no suggestion of either a federal question or diversity jurisdiction. According to the complaint, the Debtor is a Tennessee corporation doing business in Tennessee and the defendants were all served at Tennessee addresses.

And, at the risk of being repetitive, while the form of this proceeding is "core" because a turnover claim is pled, in substance this action is a "related" proceeding because it is based on causes of action owned by the Debtor at the time this bankruptcy case was filed. 1 *Collier on Bankruptcy* ¶ 3.02[3][c] (15th ed. rev. 2008). As explained by the court in *Republic Reader's Service*:

> Often a proceeding, cast in the language of a core proceeding, merely shrouds state law actions under the guise of a bankruptcy issue. A typical example is an

>adversary proceeding commenced as an action for turnover of property under 11 U.S.C. § 542. An action for turnover of property is a core proceeding under 28 U.S.C. § 157(b)(2)(E). Frequently, a breach of contract claim identical to the cause of action at issue in the *Marathon* is presented as a core proceeding as inducement for the court to exercise power over the proceeding. [Citation omitted.] If 11 U.S.C. § 542 were to be interpreted as expansively as often times urged, every action brought by a debtor-in-possession with the end to recover a money judgment could be construed as an action for turnover, which could well be at odds with *Marathon*.

*In re Republic Reader's Serv., Inc.*, 81 B.R. at 427-28.

The existence of a right to jury trial and the presence in the proceeding of non-debtor parties are factors that weigh heavily in favor of abstention. Because this court has no authority to conduct a jury trial absent the consent of the parties, the reference to this action would have to be withdrawn and the trial conducted by the district court if the defendants have a right to a jury trial, an assertion the Debtor has not disputed. And, "[t]he right of nondebtor parties to a nonbankruptcy court forum, particularly if a jury trial right exists in a nondebtor's case, presents a compelling argument for abstention." *In re Republic Reader's Serv., Inc.*, 81 B.R. at 428-29.

The remaining factors in the abstention analysis are either irrelevant to the proceeding at hand or neutral. Because, as noted, this is essentially a state court action, the bankruptcy case has been closed, and resolution of this action will have no impact on the Debtor's plan, it will be unnecessary for the parties to come back to this court to enforce any judgment that may be obtained in state court. And, while there is no related proceeding currently pending in state court, there is no indication that it will be unduly burdensome on Debtor to commence such an action.

### III.

Based on the foregoing analysis, this court concludes that permissive abstention is appropriate. Accordingly, an order will be entered granting the defendants' request that this case be dismissed without prejudice to the refiling of the same in state court. To the extent that the defendants' motion to dismiss is based on the assertion that the complaint fails to state a cause of action for turnover under § 542 of the Bankruptcy Code, the motion will be denied as moot, in light of the court's ruling on the abstention issue. The defendants' motion to dismiss based on the Debtor's alleged failure to join an indispensable party will be deemed waived by the defendants' failure to address the argument in their memorandum of law.

# # #